**Ramiro MENDOZA, both individually and as the parents of their son, J. Mendoza, as their son's successor in interest; Delphina Mendoza, both individually and as the parents of their son, J. Mendoza, as their son's successor in interest, Plaintiffs—Appellants,**

v.

**Daryl GATES; Willie Williams; Bernard Parks; City of Los Angeles; Timothy Olsen; Herbert Boeckman, Board of Police Commission Members and Former Members; Gerald Chaleff; Dean Hansell, T. Warren Jackson; Edith Perez; Richard Riordan, Mayor; Ten Unknown Named Defendants, Defendants—Appellees.**

---

515

No. 99–55644.
D.C. No. CV–97–09027–WJR.

United States Court of Appeals,
Ninth Circuit.

Argued and submitted Feb. 8, 2001.

Decided Aug. 30, 2001.

Before D.W. NELSON,
O'SCANNLAIN, and KLEINFELD,
Circuit Judges.

### MEMORANDUM *

Ramiro and Delphino Mendoza appeal the district court's judgment in favor of Officer Timothy Olsen and other Los Angeles city and police officials following the jury's verdict in favor of Olsen. The Mendozas brought this 42 U.S.C. § 1983 suit to recover damages for the death of their son, Jose Mendoza, during a pursuit by Los Angeles police. The facts and prior proceedings are known to the parties; they are not restated herein except as necessary.

### I

█ The Mendozas raise a host of challenges to the district judge's instructions to the jury. First, they argue that the district judge abused his discretion in his formulation of the rule regarding the permissible use of deadly force. The jury was instructed that

> Deadly force may be used by a police officer to prevent the escape of a person suspected of committing a felony if the officer has reasonable cause to believe that the suspect poses an [imminent] threat of death or serious physical harm to either the police officer or to others.

This instruction closely tracks the language used by the Supreme Court in its decision in *Tennessee v. Garner*, 471 U.S.

1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), and, therefore, does not manifest an abuse of discretion. *Id.* at 11, 105 S.Ct. 1694 ("Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force.").

█ Second, the Mendozas argue that the district judge committed an error of law by failing to instruct the jury that their son could not pose a threat of death or serious physical injury to the officers or others if the danger existed only due to police pursuit. Assuming *arguendo* that this was an error, it is more probable than not that the error was harmless because Mendoza posed a threat of serious physical injury independent of the police pursuit. The jury was presented with evidence that he was driving while under the influence of a large amount of cocaine and, even if the police had suspended their pursuit of him, would have continued to pose a threat to others by driving under the influence. As a result, the Mendozas are not entitled to a new trial on this ground. *Lambert v. Ackerley*, 180 F.3d 997, 1008 (9th Cir.1999) (en banc) ("[A]n error in instructing the jury in a civil case does not require reversal if the error was more probably than not harmless." (internal quotation marks omitted)).

█ Third, the Mendozas argue that the district judge committed an error of law by failing to instruct the jury that the use of deadly force was illegal if a less-deadly alternative existed. It is unclear whether the jury instruction given on this subject[1] was in error. *Compare Brower v. County*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The instruction read: "You are to determine whether the office in this case acted reasonably, not whether he had less intrusive alternatives."

*of Inyo,* 884 F.2d 1316, 1318 (9th Cir.1989), *and Hopkins v. Andaya,* 958 F.2d 881, 887 (9th Cir.1992), *with Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir.1994), *and Forrester v. City of San Diego,* 25 F.3d 804, 807 (9th Cir.1994). In any event, we need not decide whether the jury instruction incorrectly prohibited the jury from considering non-deadly alternatives because the evidence overwhelmingly demonstrated an imminent threat of death or serious injury to others, and there was no evidence that any practical alternative existed.

■ Fourth, the Mendozas argue that the district judge abused his discretion in formulating his instruction regarding the Fourth Amendment reasonableness factors because, although the instruction delineated the factors, the jury was never instructed to "weigh" the factors against one another. This was not an abuse of discretion because it is doubtful that this relatively minor omission mislead the jury members into believing they were not supposed to consider the factors in light of one another. *Gilbrook v. City of Westminster,* 177 F.3d 839, 860 (9th Cir.1999).

■ Fifth, the Mendozas argue that the district judge abused his discretion in formulating his instruction as to who had the burden of proof on the issue of the reasonableness of Olsen's conduct. It is more probable than not that any error in the instruction was harmless because the reading of the instruction most negative to the Mendozas was that they had the burden of proof, and this reading is an accurate reflection of the predicament of § 1983 plaintiffs. As a result, the Mendozas are not entitled to a new trial on this ground. *Lambert,* 180 F.3d at 1008.

## II

■ The Mendozas also raise a host of challenges to the district judge's evidentia-ry rulings. First, they argue that the district judge abused his discretion under Federal Rule of Evidence 410 by admitting into evidence their son's nolo contendere plea to a prior charge of transporting marijuana. Rule 410(2) prohibits the admission, "in any civil or criminal proceeding," of "a plea of nolo contendere" against "the defendant who made the plea. . . ." Fed. R.Evid. 410(2). There is an exception to this rule, however, when the plea is admitted for the purposes of impeachment. Fed.R.Evid. 609; *Brewer v. City of Napa,* 210 F.3d 1093, 1095–96 (9th Cir.2000). This exception applies in this case. The Mendozas testified, in an effort to increase their damages for his loss, that they had a close relationship with their son. On cross-examination they testified that their relationship was so close to their son that they would have known about any drugs he had used, and they denied that he had ever used drugs. Olsen then sought to impeach the Mendozas on this testimony by admitting into evidence their son's nolo contendere plea to a prior charge for transporting marijuana. It was not an abuse of discretion for the district judge to allow the use of the plea for impeachment.

■ Second, the Mendozas argue that the district judge abused his discretion under Federal Rule 404(b) by admitting evidence of their son's prior marijuana conviction. Rule 404(b) prohibits the admission of evidence of "other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed.R.Evid. 404(b). The district judge did not abuse his discretion under Rule 404(b) because Olsen did not seek to admit evidence of the prior conviction "in order to show action in conformity therewith." Rather, Olsen sought to admit evidence of the prior conviction to show that Mendoza was on probation, and, therefore, that he had some

motive to run from the police, other than, for example, the motive to run from "the gun Olsen was pointing at Jose Mendoza," as asserted by the Mendozas. This use of the prior conviction is permissible. Fed. R.Evid. 404(b) (allowing admission of evidence of other crimes for purposes "such as proof of motive").

Third, the Mendozas argue that the district judge abused his discretion under Federal Rule of Evidence 401 by admitting evidence of 1) their son's prior marijuana conviction and 2) his ingestion of large amounts of cocaine on the day of the high-speed chase. The district judge did not abuse his discretion under Rule 401 because 1) the prior conviction was relevant to damages insofar as it impeached the Mendozas' testimony that they had a close relationship with their son, and 2) in addition to being relevant to damages, evidence of the cocaine ingestion is relevant to Mendoza's motive to flee on the day in question insofar as his cocaine possession violated his probation.

Fourth, the Mendozas argue that the district judge abused his discretion under Federal Rule of Evidence 403 by admitting evidence of their son's cocaine ingestion on the day of the high-speed chase. Rule 403 prohibits admission of evidence for which the "probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. The district judge did not abuse his discretion under Rule 403 by admitting this evidence because the evidence was probative as to both motive and damages, and because there is no reason to believe that the evidence rendered the jury emotionally incapable of engaging in rational thought, which is the usual danger of "prejudice" guarded against by Rule 403. Fed.R.Evid. 403, Adv. Comm. Note (" 'Unfair prejudice' . . . means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.").

## III

The Mendozas also argue that their trial was tainted by the misconduct of juror Kathleen Battersby. In order to prevail on a claim of juror misconduct, the Mendozas must show that 1) Battersby failed to answer honestly a material question on voir dire, and 2) a correct answer would have provided a valid basis for a challenge for cause. *Price v. Kramer*, 200 F.3d 1237, 1254 (9th Cir.2000). The Mendozas cannot prevail on either element. First, Battersby was not ·dishonest in responding to questions on voir dire because she followed the court's instructions to keep quiet until she entered the jury box for questioning. Second, the fact that she knew Detective Szabo is not a valid basis to strike Battersby for cause. Battersby knew Szabo only in the context of an infrequent, superficial, and purely telephonic business relationship. This is clearly not enough to strike a juror for cause. *Image Technical Services Inc. v. Eastman Kodak Co.*, 125 F.3d 1195, 1220–21 (9th Cir.1997) (holding that district court did not abuse its discretion by refusing to strike juror who had a 10 year prior business relationship with the defendant).

For these reasons, we also reject the Mendozas' argument that the district judge abused his discretion by failing to strike Battersby for cause.

## IV

Finally, the Mendozas argue that the district judge erroneously employed the attorney-client privilege to prevent them from questioning a police officer regarding his trial preparation. There was no error because the officer, a city employee, could assert the privilege on behalf of

**520**

Los Angeles. *United States v. Chen,* 99 F.3d 1495, 1502 (9th Cir.1996) ("The attorney-client privilege applies to communications between corporate employees and counsel, made at the direction of corporate superiors in order to secure legal advice.").

AFFIRMED.

D.W. NELSON, Judge, dissenting.

D.W. Nelson, Circuit Judge.

Jose Mendoza led police on a low-speed chase through the San Fernando Valley. The chase reached its end stages when Mendoza got caught in rush hour traffic. Mendoza's large pickup truck crashed head-on into a small white Toyota, but the photographic evidence suggests that Mendoza was driving slowly enough that the smaller car sustained relatively minor damage. Mendoza then proceeded to drive under a freeway overpass at an estimated rate of between five and 15 miles per hour. He rammed several late-model cars, but their airbags did not deploy in any of the crashes. Mendoza was trying to push cars out of his way, but he was not crashing into them at any significant rate of speed. By the time a rookie police officer shot Mendoza in the head, three of his tires were flat. No one else was seriously injured.

Although the issue of whether deadly force was reasonable is a close one because Mendoza's actions were obviously scary, I believe that he did not present an imminent threat of death or serious injury to himself or others. Shooting at Mendoza was unreasonable and may well have been a foolish option. A stray bullet could have injured one of the many people in the area, and the use of deadly force increased the risk of injury to others by causing Mendoza's large vehicle to drive out of control. Although the record suggests that something went unexpectedly wrong with the plaintiffs' case (their case-in-chief was much shorter than originally estimated), I believe that three errors in instructing the jury and in admitting certain evidence were not harmless.

First, the district court's jury instruction about the use of deadly force misstated the rule of *Tennessee v. Garner,* 471 U.S. 1, 3, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985) ("[D]eadly force ... may not be used unless it is necessary to prevent the escape [of an apparently unarmed suspected felon] and the officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others."). *See also State of Idaho v. Horiuchi,* 253 F.3d 359, 367 (9th Cir.2001) (en banc) ("Law enforcement agents may use deadly force only if they reasonably believe that killing a suspect is necessary to prevent him from causing immediate physical harm to the agents or others, or to keep him from escaping to an area where he is likely to cause physical harm in the future."). Ignoring *Garner's* necessity requirement, the instruction in the present case allowed the jury to believe that officers may use deadly force any time to prevent escape if there were a significant threat of harm and not only when necessary.

Second, the district court erred by instructing the jury not to consider whether the officer had less intrusive alternatives available to him. In order to determine whether the use of deadly force was necessary, the jury must ascertain whether "a reasonable non-deadly alternative exist[ed] for apprehending the suspect[.] ... The alternative must be reasonably likely to lead to apprehension before the suspect can cause future harm." *See Forrett v. Richardson,* 112 F.3d 416, 420 (9th Cir. 1997).

Finally, the district court's admission of evidence concerning Mendoza's prior drug

conviction and his cocaine blood levels at the time of his death was an abuse of discretion. This evidence not only prejudiced the jury, but it also prejudiced the majority in this appeal, which excused any errors in the jury instructions in part because Mendoza "was driving while under the influence of a large amount of cocaine. . . ." Yet the evidence was simply not relevant to the crucial determination of whether Officer Olsen reasonably used deadly force. When Olsen fired the fatal shot, he did not know about Mendoza's motives for fleeing police, and he did not know that Mendoza had ingested cocaine. The slight probative value of the evidence as impeachment is more than outweighed by its prejudicial nature. I respectfully dissent.